FILED
United States Court of Appeals
Tenth Circuit

April 8, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

CASEY JAMES NOWLIN,

     Defendant - Appellant.

No. 15-8133
(D.C. Nos. 2:15-CV-00001-NDF and
2:12-CR-00116-NDF-1)
(D. Wyo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **KELLY**, **McKAY**, and **MORITZ**, Circuit Judges.
_____

Mr. Nowlin now challenges for a second time his conviction on five counts of assault within Indian Country. We rejected his first challenge—his direct appeal—in *United States v. Nowlin*, 555 Fed. App'x 820 (10th Cir. 2014) (unpublished). We must now determine whether his § 2255 petition, denied by the district court, merits a certificate of appealability.

Mr. Nowlin alleges nine errors in the district court's decision. They involve, among other things, the following: his status as an Indian, which the government had to prove in order to create jurisdiction, *see id.*; hearsay testimony to which his lawyer

_____

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

did not object; a witness's alleged perjury; the allegedly suggestive circumstances surrounding a pair of in-court identifications; the supposed inadequacy of the evidence for one of the charges; and a government witness's testimony that Mr. Nowlin had previously been on probation or parole.

Because all of these issues are procedurally barred, they must be reviewed under the *Strickland* standard for ineffective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, Mr. Nowlin must show his lawyer's performance was not merely questionable but constitutionally deficient. He must also "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Mr. Nowlin has not met these requirements.

As the district court explained, persuasively and at length, Mr. Nowlin has not shown his counsel's performance was constitutionally deficient. Although Mr. Nowlin's counsel did not raise a number of objections that might plausibly have been sustained, we must presume that, "under the circumstances," the decision not to object "might be considered sound trial strategy." *Id.* at 689 (quoting *Michel v. Lousiana*, 350 U.S. 91, 101 (1955)). Mr. Nowlin has not rebutted this presumption: he has not demonstrated his lawyer's defense tactics fell "outside the wide range of professionally competent assistance," *id.* at 690.

Further, even if Mr. Nowlin had shown his counsel's performance was constitutionally deficient, *Strickland*'s prejudice requirement makes relief impossible. He cannot plausibly argue that, but for his counsel's alleged failures, the

2

jury would have found he was not an Indian: the court took judicial notice of a number of facts proving that Mr. Nowlin is an Indian, a decision we affirmed on direct appeal. *Nowlin*, 555 Fed. App'x at 824–25. Neither has he plausibly argued that, but for his counsel's alleged failures, the jury would have found him factually innocent of the assaults. The government's case was simply too overwhelming.

It is undisputed that Mr. Nowlin was at the party where the assaults occurred. It also appears to be undisputed that he was one of a group of people who arrived at the party in a red car—the same red car, according to witnesses, that the attacker both emerged from and departed in. Physically, he fit multiple witnesses' description of the attacker: a short, heavyset, light-skinned man with a shaved or bald head.

But witnesses went much further than testifying about his general physical appearance. In addition to the two witnesses whose in-court identifications Mr. Nowlin has challenged, two other witnesses identified him in open court. A third, who had ridden in the red car with Mr. Nowlin, identified him by name as the attacker. Another witness testified that, while the assaults were happening, she heard a girl say, "Casey, don't. Casey, quit." (R. at 369.) Mr. Nowlin has not identified another "Casey" the girl could have been speaking to.

Finally, on top of everything else, Mr. Nowlin was also incriminated by two conversations he had the night after the assaults. First he visited an acquaintance and asked him questions, "wanting to know what it was going to be like to go to prison." (R. at 406.) Shortly thereafter he was arrested by a BIA officer and asked the officer the reason for the arrest. When the officer answered, "You almost killed that guy last

3

night," Nowlin responded, "Why do you give a [expletive] about those guys? They jump people all the time and you guys don't do [expletive]." (R. at 409.) Then he asked, "So who is it that turned me in?" before insisting, "I wasn't even there. I was at my sister's house." (*Id.*) When the officer, without naming names, said "several people" had identified him, Nowlin responded, "Don't nobody know me," and then changed his alibi: "You guys ain't got [expletive]. I was at my mom's house." (R. at 53.)

Mr. Nowlin does not challenge any of this evidence,[1] and we have no doubt it would have persuaded the jury. Accordingly, even if Mr. Nowlin could show his lawyer's performance was deficient, he cannot show he was prejudiced by it.

No reasonable judge would debate whether the district court erred by denying Mr. Nowlin's petition. We therefore **DENY** his certificate of appealability and **DISMISS** the appeal. We **GRANT** his motion to proceed in forma pauperis on appeal.

Entered for the Court

Monroe G. McKay
Circuit Judge

---

[1] In Mr. Nowlin's petition before the district court, he did challenge the testimony concerning his self-incriminating conversations. But he "decided not to include th[is] issue[] in his appeal." (Appellant's Br. at 26.)